judgment requiring the delivery of the property to defendant or in default thereof that defendant recover two hundred and seventy dollars and costs, plaintiff brings error.

CHIPERFIELD & CHIPERFIELD, for plaintiff in error.

WILLIAM MANNHARDT, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1.  CONTINUANCE, § 36*—when properly denied. Where a motion for a continuance is properly denied and a second motion prays for continuance upon the same ground, such second motion should also be denied, since to grant it would be to permit an amendment of the first motion.

2.  APPEAL AND ERROR, § 1035*—when assignment of error is necessary. Where there is no assignment of error because of the action of a court in proceeding to trial without a rule on the plaintiff to reply to several pleas filed, such plaintiff cannot object to 'such action.

3.  REPLEVIN, § 159*—when alternative judgment is proper. An alternative judgment for defendant is proper where a plaintiff replevied property which a defendant had performed work on and as to which work plaintiff was indebted to defendant for.

Ferdinand W. Jaros, Plaintiff in Error, v. Edward Johanning and A. M. Wertzberger, Defendants in Error.

### Gen. No. 18,155.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed October 15, 1913.

## Statement of the Case.

Action by Ferdinand W. Jaros against Edward Johanning and A. M. Wertzberger for legal services. From a judgment for plaintiff for $3.50, plaintiff brings error.

F. W. JAROS, for plaintiff in error.

OSCAR M. LUMBY, for defendants in error Edward Johanning.

MR. JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

TRIAL § 46*—*what acts of judge are improper.* In an action for legal services where the evidence was closely conflicting, *held* that the action of the trial judge in reading the defendant's affidavit of merits to the jury before instructing them was prejudicial error, since the reading of such affidavit unduly emphasized the defendant's view of the controversy the plaintiff's statement of claim not having been read.

## Herman L. Wolff for use of Barnett Zollo, Defendant in Error, v. Ernest M. Cross, Plaintiff in Error.

### Gen. No. 18,160.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912.. Affirmed. Opinion filed October 15, 1913.

## Statement of the Case.

Action by Herman L. Wolff, for use of Barnett Zollo, against Ernest M. Cross, trading as E. M. Cross

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.